Filed 11/27/23  P. v. Washington CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B328736 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. TA155699 |
| TOMMY WASHINGTON, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge. Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

After defendant Tommy Washington, Jr. (defendant) was sentenced pursuant to a negotiated plea agreement, he filed a notice of appeal in which he checked the preprinted box indicating his appeal was based on "the denial of a motion to suppress evidence under Penal Code section 1538.5." Although a blank request for a certificate of probable cause is attached to the notice of appeal, there is no indication in the record that defendant requested or obtained a certificate of probable cause from the trial court. However, under California Rules of Court, rule 8.304(b)(4), a defendant may appeal without a probable cause certificate if, as here, the appeal is based on the denial of a motion to suppress evidence.

Defendant's appellate counsel filed an opening brief asking that we conduct an independent review of the record for arguable issues as required by *People v. Wende* (1979) 25 Cal.3d 436. Counsel and this court also informed defendant of his right to file a supplemental brief on his own behalf, but defendant did not do so. Finding no arguable issues, we affirm.

## BACKGROUND

On July 24, 2021, Los Angeles Police Officer Colt Worley was patrolling the area near San Pedro and 104th Street due to an increase in shootings and gang activity. After Worley observed a silver Porsche Cayenne run a red light at 104th Street, he turned on the patrol car's lights and sirens and attempted to conduct a traffic stop while following the Porsche. The Porsche's driver did not pull over for another two to three blocks, however. While Worley was following the Porsche, he saw the driver make "abrupt furtive movements towards the rear of the vehicle behind

2

the white passenger seat." Defendant was the Porsche's driver and sole occupant.

Eventually, defendant pulled over and rolled down the window. Although Officer Worley didn't find any blunts or smoking devices in the Porsche, he saw smoke coming from the vehicle and smelled freshly burned marijuana. Defendant only got out of the Porsche after he was ordered to do so five times. When he got out of the vehicle, defendant was holding a lit cigarette and he didn't put it out until he was repeatedly ordered to do so.

"In plain view through the driver's side window which was down," Officer Worley saw an open backpack on the back seat containing Ziploc bags with what appeared to be more than 28.5 grams of marijuana. Specifically, he could see in plain sight two ounces of marijuana, or double the amount of marijuana permitted by law. Worley also saw a black safe in the rear right passenger floorboard directly behind the front passenger seat. After opening the locked safe, Worley found a loaded semi-automatic firearm and a small plastic bindle with a white powdery substance resembling cocaine. During his search of defendant's person, Worley found $4,000 in cash.

At some point during his detention, defendant was placed in handcuffs and Worley or his partner determined that defendant had a prior conviction for possession of a firearm. Defendant was arrested and Worley called for a truck to tow the Porsche.

In an information filed in March 2022, defendant was charged with possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 1), possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd.

(a); count 2), possession of cannabis for sale (Health & Saf. Code, § 11359, subd. (b); count 3), and the sale, offer to sell, transportation of cannabis (Health & Saf. Code, § 11360, subd. (a)(2); count 4). As to counts 1 and 2, the information alleged defendant suffered four prior felony convictions.

In August 2022, defendant filed a motion to suppress evidence seized from him and the Porsche pursuant to Penal Code section 1538.5. The People opposed the motion. The suppression hearing was conducted on September 15, 2022, and December 9, 2022. Officer Worley was the only witness called to testify. After finding that Worley was credible, the court denied the motion.

On January 26, 2023, defendant accepted the People's offer and pled no contest to count 1 in this case, and no contest to two counts in a different case (case No. TA157000). Pursuant to the agreed disposition, the court found defendant guilty of those counts and sentenced him to a total of four years and four months in state prison. As provided by the parties' plea agreement, the court suspended execution of the sentence, placed defendant on formal probation for two years, and dismissed the remaining counts.

## DISCUSSION

"In reviewing a trial court's ruling on a motion to suppress evidence, we defer to that court's factual findings, express or implied, if they are supported by substantial evidence. [Citation.] We exercise our independent judgment in determining whether, on the facts presented, the search or seizure was reasonable under the Fourth Amendment." (*People v. Lenart* (2004) 32 Cal.4th 1107, 1119.) "The automobile exception provides 'police who have probable cause to believe a lawfully stopped vehicle

contains evidence of criminal activity or contraband may conduct a warrantless search of any area of the vehicle in which the evidence might be found.' " (*People v. McGee* (2020) 53 Cal.App.5th 796, 801.)

When the voters passed Proposition 64, they legalized most but not all personal use or possession of marijuana. The voters enacted Health and Safety Code section 11362.3, subdivision (a)(4) which makes illegal the possession of an open container or package of marijuana in a vehicle. Additionally, Health and Safety Code section 11362.1, subdivision (a)(1) permits a person to possess not more than 28.5 grams of cannabis that is not concentrated. Health and Safety Code section 11357, subdivision (b)(2) makes illegal possessing more than 28.5 grams of marijuana or more than eight grams of concentrated cannabis by persons 18 years old or older.

Here, Officer Worley testified he observed an open backpack on the back seat of the Porsche containing more than 28.5 grams of marijuana. On these facts, Worley had probable cause to believe the vehicle contained evidence of criminal activity (illegal possession of marijuana) to support the warrantless search. (See *Collins v. Virginia* (2018) ___ U.S. ___ [138 S.Ct. 1663, 1670] [officers may search an automobile without having obtained a warrant so long as they have probable cause to do so].)

## DISPOSITION

We have examined the entire record and are satisfied appellate counsel has fully complied with his responsibilities and no arguable issues exist in the appeal before us. The order is therefore affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

ADAMS, J.